**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| GEORGE BORBAS, | : | MOTION TO VACATE |
|  | : | 28 U.S.C. § 2255 |
| Movant, | : |  |
|  | : | CRIMINAL INDICTMENT NO. |
| v. | : | 1:13-CR-0025-SCJ-JFK-6 |
|  | : |  |
| UNITED STATES OF AMERICA, | : | CIVIL FILE NO. |
| Respondent. | : | 1:16-CV-4782-SCJ-JFK |

**ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 392]. Movant has filed his objections in response to the R&R. [Doc. 394].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard.

In her extensive and well-reasoned R&R, the Magistrate Judge recommends that Movant's § 2255 motion be denied because he has failed to demonstrate that he is entitled to relief. Movant pleaded guilty to one count of participating in a conspiracy

to distribute a controlled substance under 21 U.S.C. § 846, and this Court sentenced him to seventy months confinement and four years of supervised release. In his § 2255 motion, he raises several claims of ineffective assistance of counsel and one claim that his sentence is illegal because he did not receive full credit under the Sentencing Guidelines for acceptance of responsibility or substantial assistance.

The Magistrate Judge appointed counsel for Movant and held an evidentiary hearing at which both Movant and his trial counsel testified. After a round of post-hearing briefs, the Magistrate Judge concluded that Movant had failed to demonstrate that his trial counsel was ineffective. Specifically, the Magistrate Judge concluded that (1) Movant had failed to establish that he was entitled to a reduction for his minor role in the conspiracy and, as a result, his trial counsel was not ineffective for failing to argue for that reduction; (2) based on the Magistrate Judge's credibility determination, Movant did not establish that he had asked trial counsel to file an appeal on his behalf; (3) Movant had no constitutional right to counsel during his presentence interview; (4) Movant failed to demonstrate either prong of the ineffective assistance analysis with respect to his claim that trial counsel failed to challenge the amount of drugs attributed to him for sentencing; (5) Movant's claim of an illegal sentence is entirely contradicted by the record; and (6) Movant could not establish his claim of ineffective assistance in failing to successfully argue for reductions under the Guidelines for substantial

AO 72A
(Rev.8/82)

assistance and acceptance of responsibility because Movant could not establish that he was entitled to those reductions.

In his objections, Movant merely offers conclusory statements that the Magistrate Judge erred without even attempting to explain how the error or errors occurred. Having reviewed the R&R in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct.

Accordingly, the R&R, [Doc. 392], is hereby **ADOPTED** as the order of this Court, and the pending § 2255 motion is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:16-CV-4782-SCJ.

This Court further agrees with the Magistrate Judge that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 14th day of November, 2018.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)